**UNITED STATES of America**

**v.**

**John Wesley GIBSON, Orlene Anderson a/k/a Olean Anderson.**

**John Wesley Gibson, Appellant.**

**No. 15913.**

United States Court of Appeals Third Circuit.

Argued May 1, 1967.

Decided May 19, 1967.

Charles H. Nugent, Camden, N. J., for appellant.

Robert W. Page, Asst. U. S. Atty., Camden, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, HASTIE and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The indictment against appellant charged him with selling a narcotic drug (cocaine) which had been illegally imported into the United States and of which fact he had knowledge; with selling the drug without the necessary Treasury form and with selling the drug

not in or from the original stamped package.

The first trial of the case resulted in a conviction of appellant on all three counts of the indictment. In that trial appellant testified in his defense. A new trial was granted by the district judge on the ground that the defense attorney had not had sufficient time to prepare his defense. At the second trial which is now before us the defendant did not take the stand nor was there any other defense testimony. He was again found guilty on the three counts of the indictment.

The main argument presented for appellant is that he was entrapped by the Government agents. There is no real dispute regarding the evidence itself. Appellant questions the credibility of some of it but that element was for the jury under what was the sound charge of the Court respecting entrapment. Reliance is based primarily upon United States v. Owens, 228 F.Supp. 300 (D.C.D.C.1964). There at page 304, as quoted by appellant, the Court said:

> "The factual issue is whether the Government agent convinced an otherwise unwilling person to commit a criminal act or whether defendant was already predisposed to commit the act. Entrapment arises only when the criminal conduct was the product of the creative activities of law enforcement officials. A person is not entrapped when an officer merely presents him with the opportunity to commit an offense in order to detect criminality rather than to instigate or create criminality. * * *"

All of the testimony pointed unmistakably to the fact that appellant was merely afforded " * * * the opportunity to commit an offense in order to detect criminality rather than to instigate or create criminality * * *." Kadis, et al v. United States, 373 F.2d 370, 374 (1 Cir. 1967). Cf. United States v. Klosterman, 248 F.2d 191, 69 A.L.R.2d 1390 (3 Cir. 1957); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

The other contentions of appellant need not be discussed at length. The record discloses that he had access to all relevant reports and statements of the Government agents, the informer was available to the defendant as a trial witness and there was no prejudicial error in the charge.

The judgment of the District Court will be affirmed.