**John W. GIBSON, Appellant,**

v.

**UNITED STATES of America.**

**No. 17964.**

United States Court of Appeals, Third Circuit.

Argued April 3, 1970.

Decided April 15, 1970.

Rehearing Denied June 11, 1970.

Alan J. Gutterman, Cummis, Kent & Radin, Newark, N. J., for appellant.

John J. Finnegan, III, Asst. U. S. Atty., Camden, N. J., for appellee (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief).

Before HASTIE, Chief Judge, and MARIS and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

A federal prisoner represented by court-appointed counsel has taken this

appeal from the denial of his motion under 28 U.S.C. § 2255 for the vacation of sentences.

The appellant was tried on an indictment containing three counts, each involving an aspect of his alleged sale of a small package of cocaine to an undercover federal narcotics agent.[1] The first count charged receiving, concealing, and selling illegally imported cocaine with knowledge of illegal importation, in violation of 21 U.S.C. § 174. The second count charged selling cocaine without a written order form, in violation of 26 U.S.C. § 4705(a) and subject to the penalties of 26 U.S.C. § 7237(b). The third count charged selling cocaine not in or from the original stamped package, in violation of 26 U.S.C. § 4704(a) and subject to the penalties of 26 U.S.C. § 7237 (a). The appellant was convicted on all three counts, and sentenced to concurrent terms of ten years' imprisonment.

The appellant's conviction on the first count was based on the statutory presumption of illegal importation and knowledge thereof from possession of narcotics. 21 U.S.C. § 174. The appellant contends, and the government properly concedes that this presumption could not constitutionally be applied to possession of cocaine, which is produced domestically in legally cognizable quantities. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, decided by the Supreme Court January 20, 1970.

The conviction on the third count for selling cocaine not in or from the original stamped package is attacked on the ground that there was no evidence that the person from whom the appellant acquired the cocaine did not dispense the cocaine from an original stamped package. But it is the act of the person charged in selling from other than the original stamped package, not the conduct of his vendor, which the statute specifies and makes criminal. Cf. Unit-

ed States v. Dillard, 7th Cir. 1967, 376 F.2d 365, 368.

Appellant also claims error in his conviction on the second and third counts on the ground that the jury may have applied the presumption of 21 U.S.C. § 174 in finding the appellant guilty of selling cocaine without an order form and in other than the original stamped package. In our view, this contention is without substance.

The denial of relief from the conviction and sentences on the second and third counts will be affirmed. However, the conviction and sentence on the first count must be vacated.

1. Issues arising from the manner in which the appellant was apprehended were raised and decided on direct appeal from his conviction. *See* United States v. Gibson, 3d Cir. 1967, 377 F.2d 521 (per curiam).